UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:  
ONLY KIDS APPAREL, LLC,   :
                Plaintiff,   :
:        22 Civ. 7820 (LGS)
         -against-   :
:        <u>ORDER</u>
ZULILY, LLC,   :
              Defendant.   :
:  
---------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

     WHEREAS, on September 13, 2022, Defendant filed a Notice of Removal (Dkt. No. 1).

     WHEREAS, the Notice of Removal failed to allege the citizenship of Plaintiff and Defendant "both at the time the original action is filed in state court and at the time removal is sought to federal court." *Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003); *see also United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

     WHEREAS, even assuming an allegation of citizenship in a notice of removal could suffice where it is supported by emails that discuss only the residency of a party, neither the emails nor the Notice of Removal in this case supply a basis for inferring any party's citizenship at the time the case was originally filed. *Cf. Henry v. Gershan*, No. 20 Civ. 6133, 2020 WL 7625164, at *2 (S.D.N.Y. Dec. 22, 2020) ("Citizenship for diversity purposes depends on domicile, not residency."); *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) ("[R]esidence alone is insufficient to establish domicile for jurisdictional purposes.").

     WHEREAS, a District Court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal, and may *sua sponte* remand a case at any time for lack of subject matter jurisdiction. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*,

435 F.3d 127, 131 (2d Cir. 2006); *accord Valentin v. Dollar Tree Stores, Inc.*, No. 21 Civ. 3647, 2021 WL 3852039, at *1 (S.D.N.Y. July 8, 2021).

WHEREAS, if a "notice of removal and the underlying state-court record failed to establish whether the parties to this action were completely diverse," the district court should "remand[] the case to state court." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019). It is hereby

**ORDERED** that the matter is remanded to state court.  Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Opinion and Order to the Supreme Court of the State of New York, New York County. The Clerk of Court is further directed to close the case.

Dated:  September 14, 2022
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

2